**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GERALD DIKES,<br><br>                          Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON et al.,<br><br>                          Respondents. | Case No.: 20-cv-335-MMA (NLS)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>[Doc. No. 33] |

On May 17, 2022, the Court issued an Order (1) Denying Petition for Writ of Habeas Corpus; (2) Denying Petitioner's Request for an Evidentiary Hearing, for an Order to Show Cause, for Appointment of Counsel, and Other Relief; and (3) Denying a Certificate of Appealability. Doc. No. 28 (the "Petition Order"). Petitioner now seeks reconsideration of his habeas corpus petition. Doc. No. 33. Although Petitioner does not specify any Court order in his motion, *see id.*, the Court construes his request as seeking reconsideration of the Petition Order. For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) authorizes courts to provide relief from judgment by motion. *See* Fed. R. Civ. P. 59(e). Under Rule 59(e), it is appropriate to alter or amend a judgment if "(1) the district court is presented with newly discovered

1  evidence, (2) the district court committed clear error or made an initial decision that was
2  manifestly unjust, or (3) there is an intervening change in controlling law." *United Nat'l*
3  *Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quoting
4  *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)); *see also Marlyn*
5  *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).
6  "A motion for reconsideration is not a vehicle to reargue the motion or to present
7  evidence which should have been raised before." *United States v. Westlands Water Dist.*,
8  134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quoting *Bermingham v. Sony Corp. of Am.,*
9  *Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994)).
10 Therefore, "[a] party seeking reconsideration must show more than a disagreement with
11 the Court's decision, and recapitulation of the cases and arguments considered by the
12 [C]ourt before rendering its original decision fails to carry the moving party's burden."
13 *Id.* (quoting *Bermingham*, 820 F. Supp. 2d at 856–57).  This is because Rule 59(e) may
14 not be used to relitigate old matters, raise new arguments, or present evidence that could
15 have been raised prior to entry of the judgment.  *See Exxon Shipping Co. v. Baker*, 554
16 U.S. 471, 486–87 (2008); *see also Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1988)
17 (finding denial of a Rule 59(e) motion proper where the motion "presented no arguments
18 that had not already been raised in opposition to summary judgment").

## RECONSIDERATION

20  Petitioner argues there are four grounds to support his motion: (1) "the state or
21 reviewing courts have not adjudicated petitioner's claims on the merits because no court
22 has held a fact finding evidentiary hearing;" (2) "[n]o court has argued petitioner claims
23 are without merit, and proven it;" (3) "Petitioner has shown that the reviewing courts
24 unreasonably found any facts and unreasonably applied U.S. Supreme Court law, that has
25 been clearly established, leading to an unreasonable determination of the facts;" and
26 (4) "[a]ny reviewing courts decisions have been contrary to clearly established Federal

law, promulgated by the United States Supreme Courts holdings." Doc. No. 33 at 1–2.[1]

Petitioner does not present any arguments relating to newly discovered evidence or an intervening change in law.  Thus, Petitioner only appears to raise arguments that fall under a challenge based upon clear error.  However, Petitioner does not identify any specific error or provide particular reasons as to any alleged error in the Court's Petition Order.  Rather, Petitioner's arguments appear to assert a general disagreement with the Court's rulings and an attempt to re-litigate matters already decided.  *See Westlands Water Dist.*, 134 F. Supp. 2d at 1131.  These arguments are insufficient to alter or amend a judgment pursuant to Rule 59(e).  *Id.*  In an abundance of caution, the Court has reviewed the Petition Order and the related filings on the docket and finds that it did not commit any clear error in reaching its conclusions.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion for reconsideration.

**IT IS SO ORDERED**.

Dated:  June 14, 2022

HON. MICHAEL M. ANELLO
United States District Judge

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.